AMERICAN CIGAR Co., Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PORTO RICO, Defendant and Appellee.—PORTO RICAN LEAF TOBACCO Co., Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PORTO RICO, Defendant and Appellee.—CENTRAL EUREKA, INC., Plaintiff and Appellant, *v.* JUAN G. GALLARDO, TREASURER OF PORTO RICO, Defendant and Appellee.

Nos. 4296, 4297 and 4347.   Argued March 16 and 28, 1928.—Decided May 4, 1928.

*J. H. Brown, C. Ruiz Nazario* and *G. E. González* for the appellants. *J. A. López Acosta, Acting Attorney General, Arturo Ortiz Toro, F. Janer* and *R. A. Gómez, Assistant Attorneys General,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

These three actions were brought against the Treasurer of Porto Rico for the refund of certain sums which had been paid under protest as taxes levied under Act No. 60 of July 28, 1925, for the development of the water power of Porto Rico. The reasons alleged in the three actions to show the invalidity of the said act are as follows:

(*a*) Because it contravenes and violates the provision of the Organic Act that the rule of taxation in Porto Rico shall

be uniform; because although said Act No. 60 imposes a tax of one-tenth of one percent on all real property of Porto Rico not exempt from taxation, it expressly exempts from its provisions that situated in Vieques and Culebra, and because it does not impose a similar tax on the personal property situated in Porto Rico which is subject to general taxes on property under the Political Code.

(*b*) Because it delegates legislative powers to the Commissioner of the Interior of Porto Rico, an executive officer, in leaving it entirely to his discretion to determine whether a water power should be developed, and in case he should decide to undertake any development, there is no specific provision in the act in regard to what should be developed, or to when it should be done, or to the order to be followed, and because it leaves entirely to the discretion of that officer to fix the amount and the manner of expending the funds collected by taxation as well as the class, number and compensation of the officials required to carry out the undertaking authorized by the act.

(*c*) Because it is not a tax imposed for public purposes.

(*d*) Because it deprives or seeks to deprive the Public Service Commission of Porto Rico of the powers conferred on the said commission by the Organic Act of Porto Rico, and is in violation of the policy established by the United States Congress in the said Organic Act.

(*e*) Because it is in violation of, the provision of section 34 of the Organic Act of Porto Rico regarding the title and manner of entitling the laws, in that there is no mention in the title of said Act No. 60 either of the exemption from taxation of the real property of Culebra and Vieques or of the special appropriation from the general funds of the Treasury of Porto Rico, as prescribed in the said act, and also because there is nothing in said title in regard to the sale and supply of the water which it is proposed to furnish to the public and to the municipalities.

The district court rendered judgment dismissing the

respective complaints and in the appeals taken in these actions by the respective plaintiffs it is assigned that the court below erred in not sustaining each of the grounds of nullity alleged in the complaints.

The Circuit Court of Appeals of the United States for the First Circuit, in the case of *Gallardo* v. *P. R. Ry. Light & Power Co.*, 18 Fed. Rep. (2nd), page 918, decided all of the questions raised in these appeals by the appellants adversely to their claims. We have examined carefully that opinion and agree with the conclusion reached therein as well as the grounds therefor. Moreover, it is well to add that the exemption from payment of the tax granted to Culebra and Vieques is also justified because the first has no rivers and the second has only small rivulets, apart from the fact that owing to their distance from Porto Rico it is almost impossible that they can be benefited by the act which imposes the tax.

The judgments appealed from in the three cases must be affirmed.

Mr. Justice Hutchison concurred in the result.